```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
                                  :
                                  :
TYRA COLEMAN et al.,              :   CIVIL ACTION
                                  :   NO. 05-4506
         Plaintiffs,              :
                                  :
         v.                       :
                                  :
BLOCKBUSTER, INC.                 :
                                  :
         Defendant.               :
                                  :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                         NOVEMBER 15, 2007

Before the Court is Plaintiffs' fifth motion to compel (doc. no. 96, as amended by doc. no. 103). The motion will be denied with the limited exception that the response to Interrogatory Number 45 shall be supplemented.

**I.   BACKGROUND**

This is an employment discrimination action brought by former African-American employees of Blockbuster, Inc. The Court has addressed discovery issues in this case on numerous occasions: first at a hearing on June 14, 2006 and then, again, at a hearing on October 11, 2006, after which the Court issued an opinion discussing how the parties should proceed. Coleman et al. v. Blockbuster, Inc., 238 F.R.D. 167, 170 (E.D. Pa. 2006) (describing the "still-festering discovery disputes"). The facts of the case and the plaintiffs' theory of recovery are described

in the Court's previous memorandum.  See id.

On May 11, 2007, the Court entered an order granting in part and denying in part the fourth motion to compel filed by Plaintiffs (doc. no. 94).  The Court also entered a Third Amended Scheduling Order that set a deadline of July 11, 2007 for both discovery and the filing of any motions for summary judgment (doc. no. 95).

On July 10, 2007, Plaintiffs filed their fifth motion to compel.  This motion argues that Defendant has not complied with the Court's May 11 Order.  A hearing was originally scheduled for August 15, 2007 to consider the Plaintiffs' fifth motion to compel.  It was continued six times to allow the parties an opportunity to consider settlement.  Their efforts did not bear fruit.

Defendant filed for summary judgment on July 11, 2007 (doc. no. 97).  Pretrial deadlines, as well as the deadline for plaintiffs' opposition to summary judgment, have been suspended until further order of the Court.  Deadlines in the related case, Wilson v. Blockbuster, 06-1566, have also been suspended pending the outcome of the discovery dispute in Coleman.

**II.  DISCUSSION**

Plaintiffs argue that Defendant has not complied with the Court's order of May 11, 2007.  Plaintiffs' individual

2

arguments are addressed below, but the Court's conclusions can be summarized as follows.  <u>First</u>, Plaintiffs are not entitled to sanctions.  <u>Second</u>, Plaintiffs' arguments regarding Blockbuster's production of employment statistics are largely without merit - an analysis of the individual interrogatories propounded by Plaintiff reveals that Blockbuster has complied with the vast majority of Plaintiffs' discovery requests.  <u>Third</u>, although it is not apparent to the Court that Defendant is responsible for the delays in deposing certain witnesses, Plaintiffs will be granted 30 days to depose Cari-Ann Urbanek, Russell Miller and Defendant's 30(b)(6) witness(es).

    A.   <u>Sanctions</u>

Plaintiffs ask for sanctions against Defendant. Defendant has substantially complied with the Court's order of May 11; therefore, sanctions are not warranted.

    B.   <u>Employment Statistics</u>

The bulk of Plaintiffs' motion deals with Defendant's production of employment statistics that Plaintiffs believe will show racial disparities in Blockbuster's employment practices. In its previous orders, the Court held such information to be "clearly relevant and discoverable."  <u>Coleman</u>, 238 F.R.D. at 171; Order (doc. no. 94) at 3, May 11, 2007 ("5/11/07 Order").

On June 12, 2007, Plaintiffs received a compact disc

("CD") from Blockbuster that purportedly contained the statistics that Plaintiffs sought. Plaintiffs argue that there are deficiencies in the information provided on the CD. Most of the arguments turn on the fact that Defendant has provided information from its database, but not in the format that Plaintiffs want. Federal Rule of Civil Procedure 34(b) provides that, unless the Court orders otherwise, a party "producing electronically stored information," which is what Blockbuster is doing here, "must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable." F.R.C.P. 34(b)(ii). It appears that Blockbuster has complied with this requirement.[1] Therefore, Plaintiffs' objections to the format of the production are unavailing.

1.  Definition of Relevant Districts

Blockbuster provided information regarding stores within the "Relevant Districts." Plaintiffs argue that it is unclear what the "Relevant Districts" are. This is simply not true. The Court's order compelling Blockbuster to provide employment statistics clearly defines that phrase to include "stores owned and/or operated within the districts that

---

[1] Blockbuster produced the employment data in response to interrogatories pursuant to Federal Rule of Civil Procedure 33(b).

Plaintiffs and/or District Manager Cari-Ann Urbanek worked." See 5/11/07 Order at 2.

2.  Relevant Time Period

Plaintiffs also argue that it is unclear what the time period is for the information that was provided.  This is also untrue.  Plaintiffs' interrogatories themselves specify that the relevant time period is "from 2002 through 2006."

3.  Specific Interrogatories

Plaintiffs' complaints about Blockbuster's responses to specific interrogatories are evaluated below.

a.  Interrogatory 2

Blockbuster has complied by providing the number and location of every store within the Relevant Districts.

b.  Interrogatory 3

Blockbuster has adequately responded to this interrogatory by providing the names of the employees who worked for each store and each employee's position and race.  The data is not provided in the precise format that Plaintiffs desire, but Blockbuster explains that this is because Blockbuster itself does not keep the data in such a format.  Blockbuster provided the

data, however, on spreadsheets that Plaintiffs can manipulate to arrange the data in the format that they desire and make whatever inferences that they may.

To the extent Plaintiffs could not understand the data, Blockbuster has offered to conference with them to explain it.

### c. Interrogatory 5

This interrogatory asked Blockbuster to explain why it closed stores within the Relevant Districts. The Court ruled that "[i]f responses to Interrogatories 3 and 4 tend to show a pattern of Blockbuster closing down stores with a higher proportion of African-American employees, Plaintiffs may request leave to take additional discovery regarding the closing or relocation of stores." Plaintiffs now seek leave for additional discovery. This request will be denied because Plaintiffs have not established a pattern of discrimination using the discovery that they have already received.

### d. Interrogatory 6

Blockbuster represents that it complied with this interrogatory by identifying individuals who served as managers in the relevant districts in a letter dated June 11, 2007. The information is also available in the "Job History" section of Blockbuster's "Employee Data" spreadsheet.

e. Interrogatory 7

Blockbuster has adequately responded to this interrogatory. It provided a spreadsheet that lists 16 stores that participated in a Niche Marketing program that included an African-American marketing and sales promotion module at any time between January 1, 2002 and January 1, 2006. The store numbers are found in a separate spreadsheet. Finally, the name, title, race, and wages of each employee that worked in the stores are also available.

f. Interrogatory 8

Blockbuster has adequately responded to this interrogatory by providing the positions of all employees within the Relevant District. Reviewing this information would allow Plaintiffs to compile a complete list of all the managers.

g. Interrogatory 9

Blockbuster has also provided information sufficient to comply with this interrogatory. Again, it just takes some work on the part of Plaintiffs to organize the data in the manner that they desire. For example, a quick search shows that Wendy Smallwood was transferred three times in the relevant period. Each time she was transferred, she was transferred to a store that participated in Niche Marketing:

```
Date            Store       Store Address        Niche Marketing
01/01/2002      92806       6000 North Broad     Yes
01/14/2002      42218       2900 North Broad     Yes
03/04/2002      42044       575 Adams Avenue     Yes
08/26/2002      42218       2900 North Broad     Yes
```

        h.    <u>Interrogatory 10</u>

Blockbuster adequately responded to this interrogatory. All the requested information has been provided, including which employees worked for Niche Marketing stores.

        i.    <u>Interrogatory 13</u>

Blockbuster adequately responded to this interrogatory. All the requested information has been provided. Blockbuster has provided Plaintiffs a list of all the stores that Ms. Urbanek managed. Based on this list and the spreadsheets, Plaintiffs can identify the individuals who reported to Ms. Urbanek, as well as their race.

        j.    <u>Interrogatory 14</u>

Blockbuster adequately responded to this interrogatory.

        k.    <u>Interrogatory 18</u>

Blockbuster adequately responded to this interrogatory. Plaintiffs can readily determine who received management training by looking at the employee positions history. The "Job History"

spreadsheet identifies employees who spent time as Management Trainees.

        l. <u>Interrogatory 19</u>

The Court previously refused to compel Defendant to respond to this interrogatory, but noted that further discovery might be warranted if Plaintiff could establish a discriminatory pattern. Plaintiffs have not established such a pattern, therefore, Defendants will not be compelled to respond to Interrogatory 19.

        m. <u>Interrogatory 20</u>

Blockbuster adequately responded to this interrogatory. It stated that it does not have any responsive information.

        n. <u>Interrogatory 23</u>

Blockbuster adequately responded to this interrogatory.

        o. <u>Interrogatory 27</u>

The Court did not compel Blockbuster to answer this interrogatory in its previous orders. Further discovery is not warranted because Plaintiffs have not shown that Blockbuster's previous responses were incomplete.

          p.    <u>Interrogatory 28</u>

        The Court did not compel Blockbuster to answer this interrogatory. Further discovery is not warranted because Plaintiffs still have not shown how Blockbuster's method of maintaining data on its employees is relevant to Plaintiffs' claims in this case.

          q.    <u>Interrogatory 45</u>

        In oral argument, defense counsel stated that Defendant has made a complete response to this interrogatory. It is true that Plaintiff was provided with a list of stores entitled "Marketing Module Programs," however, the list does not specify which marketing module each store was part of. Defendant shall identify for Plaintiff the marketing module to which each store belonged. If the list already provided by Defendant contained only those stores belonging to the African-American marketing module, Defendant shall supplement its response by disclosing the other marketing modules based on racial or ethnic classifications that existed during the relevant time period, and the stores that belonged to those modules during the relevant time period. <u>See</u> 5/11/07 Order at 17-18.

          r.    <u>Interrogatory 54</u>

        Blockbuster adequately responded to this interrogatory.

                s.    <u>Interrogatory 55</u>

Blockbuster adequately responded to this interrogatory. Defense counsel reaffirmed in oral argument today that no statements responsive to Interrogatory 55 have been withheld on privilege grounds. Thus, there is nothing further to disclose to Plaintiffs.

                t.    <u>Interrogatory 56</u>

The Court did not compel Blockbuster to answer this interrogatory because the information sought was provided in response to other interrogatories.

                u.    <u>Interrogatory 57</u>

Blockbuster adequately responded to this interrogatory. From the information provided, Plaintiffs can determine which store managers reported to Ms. Urbanek, which sales managers (assistant store managers) reported to those store managers, and which customer representatives reported to which store and sales managers.

    C.    <u>Depositions</u>

The parties have been bickering about the exact dates for depositions for over a year. The depositions shall proceed as follows:

1. <u>Ms. Urbanek</u>

Plaintiffs shall depose Ms. Urbanek in the Philadelphia area by Friday, December 14, 2007. The scope of the deposition will encompass the subject matters relevant to <u>Coleman v. Blockbuster</u> or to <u>Wilson v. Blocbuster</u>.

2. <u>30(b)(6) Deponents</u>

Plaintiffs shall depose Blockbuster's 30(b)(6) witness(es) at Blockbuster's headquarters in the Dallas area by Friday, December 14, 2007. The scope of the deposition will encompass only subject matter relevant to <u>Coleman v. Blockbuster</u>.

3. <u>Russell Miller</u>

Russell Miller submitted a declaration in <u>Coleman v. Blockbuster</u> regarding the production of data to Plaintiffs. For the reasons stated on the record, Plaintiffs shall depose Miller in the Philadelphia area by Friday, December 14, 2007. The scope of the deposition will encompass only the subject matter of the affidavit.

**III. CONCLUSION**

For the reasons stated above, the fifth motion to compel (doc. no. 96) will be denied, except as to Interrogatory

45 and the three depositions described above.  Accordingly, Defendant shall supplement its response to Interrogatory 45 by Friday, December 14, 2007.  Plaintiffs shall depose Urbanek, Miller and Defendant's 30(b)(6) witness(es) by Friday, December 14, 2007.  Plaintiffs shall file a response to Defendant's motion for summary judgment by Monday, January 14, 2008.

        An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRA COLEMAN et al., | : | CIVIL ACTION |
| | : | NO. 05-4506 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BLOCKBUSTER, INC. | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this **15th** day of **November 2007**, it is hereby **ORDERED** that Plaintiffs' fifth motion to compel (doc. nos. 96 & 103) is **DENIED** except that Defendant shall supplement its response to Interrogatory No. 45 by **Friday, December 14, 2007.**

It is further **ORDERED** that Plaintiffs shall depose Cari-Ann Urbanek in the Philadelphia area regarding the subject matter of this case or of <u>Wilson v. Blockbuster</u>, 06-cv-1566, by **Friday, December 14, 2007.** Plaintiffs shall depose Russell Miller in the Philadelphia area regarding the subject matter of the declaration he submitted in this case by **Friday, December 14, 2007.** Plaintiffs shall depose Defendant's 30(b)(6) witness(es) in the Dallas area regarding the subject matter of this case only by **Friday, December 14, 2007.**[2]

---

[2] Because of the contentious relationship between the parties, the Court has decided to make itself available to resolve any disputes that may arise during the course of these three depositions. Therefore, Plaintiffs' counsel shall notify

It is further **ORDERED** that Plaintiff shall respond to Defendant's motion for summary judgment by **Monday, January 14, 2008.**

**AND IT IS SO ORDERED.**

           S/Eduardo C. Robreno

           **EDUARDO C. ROBRENO, J.**

---

the Court of the date and time of each deposition at least three days prior to the deposition.